REGAN, Judge.
This suit endeavoring to obtain the issuance of an injunction was instituted by plaintiff, R. Lee Eddy, lessee of the residence designated by the municipal number 6423 West End Boulevard, New Orleans, Louisiana, against defendant, Mrs. Elizabeth Monaghan Fisk, owner and lessor of the double dwelling 6423-25 West End Boulevard, and her contractor to restrain them from erecting a Page fence diagonally across the rear yard of lessee’s home, which would substantially reduce the area and restrict the use thereof by the lessee.
After a trial on the merits an injunction was issued restraining the defendant and her contractor from continuing with the erection of the fence’ across the rear yard of the premises occupied by the plaintiff. From that judgment defendant prosecuted an appeal to the Supreme Court, which was of the opinion that it ¡possessed no jurisdiction and, accordingly, transferred the case to this court.
The improvements on this property consist of a double two story basement dwelling located in the center thereof. To the rear of the house is an undivided large yard in which is contained two car ports, located to the extreme leift and right of the property and a children’s gymnasium situated in approximately the center of the whole yard.
Plaintiff is the lessee on a month to month basis of one-half of these premises. Defendant is the occupant of the other one-half of the premises — No. 6425 West End Boulevard.
Plaintiff initially leased these premises on a month to month basis, approximately *718 seventeen years prior to the filing of this suit, from the former owner, who was the uncle of the defendant and with whom she had resided for many years prior to her acquisition of the property upon his death. On May 14, 1948, a written lease was executed to expire December 31, 1949, or for a period of nineteen months. Upon the expiration of this lease the property then continued to be occupied by the plaintiff on a month to month basis.
On or about October 11, 1950, defendant, without any warning whatsoever to plaintiff, began the erection of a Page fence running more or less diagonally across the rear yard of these premises which, in substance, and without indulging in geometrical elaboration, would have deprived plaintiff of at least one-half of his portion of the rear yard. While defendant’s contractors were in the process of grounding posts for the proposed fence, the defendant was restrained from proceeding further by virtue of an order issued by the court, a qua, on October 11, 1950, in response to a petition for injunction filed on the same day by the plaintiff herein.
Defendant insists that the trial judge erred (a) in deciding that the lessee had any right of possession to the rear yard area in question; (b) in issuing a preliminary injunction in, the absence of a showing by the plaintiff that he would be irreparably injured if the injunction was not.issued and (c) in the absence of a showing that the plaintiff had no other remedy at law. In the final analysis defendant contends that the yard in the rear of the premises occupied by plaintiff did not form a part of the leased residence and that the landlord could under the simple right of ownership, give the use thereof to the plaintiff or take it 'away at her caprice.
The law affecting the interest of these litigants appears to foe so well settled in connection with the issues emanating from this case that the court has experienced difficulty in seriously evaluating the defenses raised by counsel.
The record reflects that the plaintiff occupied 6423 West End Boulevard for seventeen years under oral and written leases, neither of which ever revealed that the right to the use or possession of the rear yard was ever intended to be excluded, limited or restricted; on the contrary, a careful analysis of the voluminous transcript unequivocally shows that it was the intention of both parties to include the rear yard in the contract of lease. The manifestation of this intention to include the rear yard in the agreement of lease is, as every layman has known since time immemorial, in absolute conformity with the social history of leased residential property in this community.
We are, therefore, of the opinion that the plaintiff is entitled to injunctive relief to prevent the disturbance oif a real right possessed by virtue of his contract of lease and enjoyed by him for a period in excess of seventeen years. Article 298 of the Code of Practice.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.